**In re POLY THERM INDUSTRIES, INC., Debtor.**

**Bankruptcy No. SF11–82–00099.**

United States Bankruptcy Court, W.D. Wisconsin.

Dec. 22, 1982.

Thomas W. Gruesen, Gruesen, Petersen & Sage, P.A., Duluth, Minn., for Poly Therm Industries, Inc., debtor.

Robert C. Gee, Gee, Hendricks & Knudson, Superior, Wis., for First National Bank of Superior.

Lowell H. Forte, Maher & Forte, P.C., Cedar Rapids, Iowa, Brice T. Sullivan, Superior, Wis., for Edwin Klouda and Robert T. Long.

Richard Cohen, Asst. U.S. Atty., Madison, Wis., for Economic Development Administration.

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER CONFIRMING PLAN

WILLIAM H. FRAWLEY, Bankruptcy Judge.

The plan under Chapter 11 in the above proceedings, amended by a subsequent plan dated November 10, 1982, coming on for hearing before the Court after due notice, and objections having been filed by The First National Bank of Superior, United States Department of Commerce and other persons in interest; and the Court having considered the respective objections by said parties pursuant to the order of the Court, and having heard the arguments of counsel and the evidence submitted at said hearing, and having considered the entire record, does make the following Findings of Fact:

1. That the plan complies with the applicable provisions of Chapter 11 of the Bankruptcy Code.

2. That the proponent of the plan complies with the applicable provisions of the Code.

3. That the plan has been proposed in good faith and not by any means forbidden by law.

4. A. That any payment made or promised by the proponent, by the debtor, or by any person issuing securities or acquiring property under the plan, for services or for costs and expenses in, or in connection with, the case, or in connection with the plan and incident to the case, have been disclosed to the Court; and

B. Any such payment made before confirmation is reasonable; or if such payment is to be fixed after confirmation of the plan, such payment is subject to the approval of the Court as reasonable.

5. A. The proponent of the plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as a director, officer, or voting trustee of the debtor, an affiliate of the debtor participating in a joint plan with the debtor, or a successor to the debtor under the plan; and the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders and with public policy.

B. The proponent of the plan has disclosed the identity of any insider that will

be employed or retained by the reorganized debtor, and the nature of any compensation for such insider.

6. The provision as to regulatory commission does not apply; testimony shows that there is no regulatory body or commission within the jurisdiction and that finding does not have to be met.

7. With respect to each class (A) holder of a claim or interest of such class, that acceptance has been made by a large majority of such class; that certain classes and creditors of the secured creditors have not accepted the plan; however, that the doctrine of the "cram-down" theory of law, it is the opinion of this Court, should apply as to the non-accepting creditors in each of those classes, and the doctrine of the "cram-down" will be so used to find that the plan has presented the necessary approval as to number and amounts.

8. That at least one class of claims has accepted the plan, determined without including any acceptance of the plan by an insider holding a claim of such class.

9. That the confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan.

10. That said plan is feasible in the opinion of the Court.

11. That said secured creditors by virtue of their election do not lose their security either on the real estate or personal property.

12. That as to the unsecured claims, each holder of such claim receive or retain on account of such claim property of a value as of the effective date of the plan equal to the allowed amount of such interest.

13. With respect to each class, each holder of a claim or interest of such class will receive or retain under the plan on account of such claim or interest property of a value as of the effective date of the plan that is not less than the amount which

such holder would so receive or retain if the debtor were liquidated under Chapter 7.

14. That as to class of interest, each holder of such interest receive or retain property of the value as of the effective date of the plan equal to the greatest allowed amount of any fixed liquidation preference to which holder is entitled; any fixed liquidation price to which such holder is entitled, or holder of any interest junior to interest of such claim shall not receive on account of such junior interest any property.

15. "Cram-down", under this last provision, is a proper interpretation of the law.

16. At least one class of claims has accepted the plan, determined without including any acceptance of the plan by an insider holding a claim of such class.

17. That said plan is fair and equitable and in all respects complies with Section 1129 of the Code.

18. That as Conclusions of Law the Court should enter an order confirming and approving the plan as amended.

THEREFORE, IT IS ORDERED: That the plan as amended and filed by the debtor in the above entitled action and on file in these proceedings is in all respects hereby confirmed and approved.